IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KARLA BALLINA-GUEL,

    Plaintiff,

v.

PRC-DESOTO INTERNATIONAL, INC.,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Karla Ballina-Guel ("Plaintiff" or "Ms. Ballina-Guel"), by and through undersigned counsel, and files her Complaint for Damages against Defendant PRC-DeSoto International, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA"), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, the Family's First Coronavirus Response Act of 2020 ("FFCRA"),

1

and those sections of the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") specifically incorporated by the FFCRA.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2021.

5.

On March 30, 2021, Plaintiff requested that the EEOC issue the related Notice of Right to Sue with respect to her Charge of Discrimination filed against Defendant.

## **PARTIES**

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

During the relevant time period, May 14, 2018, through December 18, 2020, Plaintiff was employed by Defendant.

8.

Defendant is licensed to conduct business in this district.

9.

Defendant employed Plaintiff during the relevant time period.

10.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

11.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

12.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under 42 U.S.C. § 12111(4).

13.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

14.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

15.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

16.

Defendant may be served with process via its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## FACTUAL ALLEGATIONS

### 17.

Defendant hired Ms. Ballina-Guel as a temporary employee in September 2017. She was hired as a full-time employee as a Material Handler on or about May 14, 2018.

### 18.

Despite normal seasonal allergies, Ms. Ballina-Guel felt fine and was otherwise asymptomatic, but was concerned that Defendant had been allowing employees to come to work sick. Therefore, she chose to get tested for COVID-19, out of an abundance of caution, after work on Friday, December 11, 2020.

### 19.

On Sunday, December 13, 2020, Ms. Ballina-Guel received notice that her test was positive for COVID-19.

### 20.

Ms. Ballina-Guel sent a text message to her Manager, Kelvin Sells, that morning to let him know that she had tested positive for COVID-19.

### 21.

The following day, Mr. Sells instructed Ms. Ballina-Guel to put in a short-term disability claim.

22.

Over the next four days, Defendant subsequently called Ms. Ballina-Guel to ask her additional questions relating to her and her husband's COVID status.

23.

On December 18, 2020, less than a week after notifying PPG of her COVID-19 status and need to quarantine, and while on medical leave for the same, Ms. Ballina-Guel was terminated.

24.

Defendant falsely alleged that Ms. Ballina-Guel purposefully came to work sick in violation of company protocol.

25.

Ms. Ballina-Guel took it upon herself to get tested out of her own concern after seeing other employees come to work sick, and did not return to work once she had a positive diagnosis.

26.

But for Ms. Ballina-Guel's disability status (i.e. her positive COVID-19 test) and her request for an accommodation of the same (i.e. time off to quarantine), she would not have been terminated.

27.

Defendant terminated Ms. Ballina-Guel's employment on December 18, 2020, while she was under quarantine for COVID.

28.

Defendant failed to engage in the interactive process with Ms. Ballina-Guel regarding her request for a reasonable accommodation, i.e. time off work after testing positive for COVID, even though doing so would not have been an undue hardship.

29.

Defendant failed to notify Plaintiff of her right to medical leave for her own serious health condition in violation of the FMLA, and instead terminated her employment due to her need for medical leave.

30.

Defendant also did not provide Ms. Ballina-Guel leave as provided under the FFCRA.

31.

Instead, Defendant denied her leave, in violation of the FFCRA, and terminated her employment.

32.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA.

33.

Employees outside of her protected class, i.e. employees who were not disabled and/or had not tested positive for COVID, were treated differently, i.e. not terminated.

34.

Defendant did not terminate Plaintiff because her requests presented any actual undue hardship, but rather due to the financial greed of the company.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

35.

Plaintiff reincorporates by reference paragraphs 17-34.

36.

Plaintiff had a physical impairment which limited one or more major life activities and required her to quarantine for the safety of herself and others.

37.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

38.

Defendant was aware of Plaintiff's disability.

39.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

40.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

41.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

42.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

43.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

44.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

45.

Defendant treated other employees outside Plaintiff's protected class differently.

46.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

49.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

50.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

51.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

52.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

53.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

54.

Plaintiff reincorporates by reference paragraphs 17-34.

55.

Plaintiff had a physical impairment which limited one or more major life activities and required her to quarantine for the safety of herself and others.

56.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

57.

Defendant was aware of Plaintiff's disability.

58.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

59.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

60.

Plaintiff requested that Defendant accommodate her disability by allowing her time off of work to quarantine after she tested positive for COVID.

61.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

62.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

63.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

64.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

65.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

66.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

67.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

68.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

69.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

70.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

71.

Plaintiff reincorporates by reference paragraphs 17-34.

72.

Plaintiff had a physical impairment which limited one or more major life activities and required her to quarantine for the safety of herself and others.

73.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

74.

Defendant was aware of Plaintiff's disability.

75.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

76.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

77.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

78.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

79.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

80.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

81.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

82.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

83.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

84.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

85.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

86.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 12111 *et seq.*

## COUNT IV:  FMLA INTERFERENCE

87.

Plaintiff reincorporates by reference paragraphs 17-34.

88.

Defendant is an 'employer' as defined by the FMLA.

89.

Plaintiff was an eligible employee under the FMLA.

90.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

91.

Plaintiff was employed by Defendant for more than 12 months.

92.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

93.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

94.

Plaintiff had a medical condition that required Plaintiff to take time off work.

95.

Plaintiff had a serious medical condition as defined by the FMLA.

96.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition December 13, 2020.

97.

Defendant failed to notify Plaintiff of her rights to FMLA leave, even though she was qualified under the FMLA for such leave.

98.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

99.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

100.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

101.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and

(B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT V:  FMLA RETALIATION

102.

Plaintiff reincorporates by reference paragraphs 17-34.

103.

Defendant is an 'employer' as defined by the FMLA.

104.

Plaintiff was an eligible employee under the FMLA.

105.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

106.

Plaintiff was employed by Defendant for more than 12 months.

107.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

108.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

109.

Plaintiff had a medical condition that required Plaintiff to take time off work.

110.

Plaintiff had a serious medical condition as defined by the FMLA.

111.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on December 13, 2020.

112.

Defendant denied Plaintiff's requests for FMLA leave, even though she was eligible under the FMLA.

113.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

114.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

115.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

116.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT VI:  VIOLATIONS OF THE FFCRA

117.

Plaintiff reincorporates by reference paragraphs 17-34.

118.

At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

119.

Plaintiff was an employee under the FFCRA eligible for paid sick leave and paid leave due to the fact that she tested positive for COVID and had to be quarantined.

120.

On December 13, 2020, Plaintiff notified Defendant that she had tested positive for COVID.

121.

Because of this, under the FFCRA, to the extent that Defendant determined this rendered her unable to work, Plaintiff qualified for two weeks of paid sick leave.

122.

As a result of Defendant's willful violations of the FFCRA, Plaintiff is entitled to the pay for two weeks of leave as well as liquidated damages.

123.

By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 21st day of April, 2021.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Karla Ballina-Guel*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com